## Roberts v. Commonwealth.

(Decided April 19, 1935.)

G. W. HATFIELD for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

From a judgment imposing upon him five years in the penitentiary for killing Lush Candler, Phinas Roberts has appealed.

### The Facts.

There had been some previous trouble between these men. On June 29, 1934, they both attended a meeting of the United Mine Workers at Barren Fork.

Roberts' party consisted of five men who were in an automobile. They stopped on the road home and waited, as they said, for John Shelton. Candler, Shelton, and a number of others were walking. When

Candler and others came up, a quarrel ensued between him and Roberts, in which Roberts killed Candler by knocking him in the head with an automobile crank. Candler was a man past middle age, he weighed about 94 pounds, and there was some evidence he had a knife opened at the time, and Roberts claimed to have struck him in self-defense. On the other hand, Roberts was a much larger man, and but 32 years of age. The testimony of his own witnesses shows they were trying to pull him away from the difficulty and induce him to get in the automobile and go home when he jerked loose from his friends, seized the automobile crank, and, going back, slew Candler with it. This was a typical jury question, and the evidence fully supports the verdict.

Misconduct of the Attorney for the Commonwealth.

Roberts files his affidavit as a part of his bill of exceptions, in which he says this occurred:

"Affiant further says that during the closing argument of the Hon. H. M. Cline, Commonwealth Attorney, the said Commonwealth Attorney picked up the court's instructions in the said case and in the presence of the court and in his argument told the said jury that they should find the defendant guilty under the instruction on voluntary manslaughter and in sudden affray and in sudden heat and passion and during said argument said to the jury that he was marking the portions of said instructions under which they should find this affiant guilty and did then, there and at that time take a lead pencil or stencil and mark said instructions, as set out in ground four of this affiant's motion and grounds for a new trial herein, by underscoring with a lead pencil or stencil the words 'sudden affray and sudden heat and passion' on page one of said instructions and by placing a mark on the left hand margin of said first page near where this instruction was found, and by also inclosing in quotation marks with lead pencil the definition of 'affray' as given to the jury by the court in No. 4 of said instructions. Affiant further says that said misconduct and acts of the said H. M. Cline was done in the presence of the Court and the said instructions as so marked and underscored was delivered to said jury, and this affiant's case submitted to said jury on said instructions so marked and underscored

and said jury returned a verdict of guilty against this affiant on said instructions."

· The judge in the bill of exceptions adopts that affidavit as a part thereof, and certifies as follows:

"That after the aforesaid instructions had been given to the jury and the same had been marked by the said H. M. Cline, Commonwealth Attorney, during his final argument to the jury in said case in the manner and character as set out in the above affidavit the court delivered said instructions to said jury and submitted the case to said jury for a final verdict on said instructions."

This action on the part of the attorney for the commonwealth cannot be commended, but Roberts did not then object to it, he made no motion to discharge the jury, he took his chances on what their verdict might be, and never made a single complaint of the occurrence until after the verdict of the jury had been returned. It was then too late. We have written over and over again that parties who feel aggrieved by something that occurs during a trial must object then. They cannot speculate upon what the jury may do and, after its verdict has been returned, for the first time complain of occurrences they should have objected to when they happened. We are not deciding it would have been error if Roberts had made timely objections and the court had overruled them, as that question is not presented.

Judgment affirmed.